IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DARLENE BALISTRERI-AMRHEIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:23-cv-861-SDJ-KPJ |
| CHIEF JUDGE BRENDA RHOADES, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above-styled case was referred to the undersigned for pretrial proceedings under 28 U.S.C. § 636. Having reviewed the pleadings and filings in this case, the Court recommends dismissal without prejudice pursuant to Rule 41(b) because Plaintiff Darlene Balistreri-Amrhein ("Ms. Amrhein") did not comply with the terms of a pre-filing injunction (the "Pre-Filing Injunction") issued against her.

**I.   BACKGROUND**

On February 1, 2013, United States Magistrate Judge Renée Harris Toliver ("Judge Toliver") in the Northern District of Texas recommended that the Pre-Filing Injunction be issued against Ms. Amrhein. *See Amrhein v. Riechert*, No. 12-cv-3707, 2013 WL 1155473, at *14–*15 (N.D. Tex. Feb. 1, 2013), *R. & R. adopted*, 2013 WL 1174571 (N.D. Tex. Mar. 21, 2013). In support thereof, Judge Toliver noted that Ms. Amrhein had initiated several related actions against many of the same defendants. *See id.* at *13–*14. Judge Toliver also noted that Ms. Amrhein's claims were "utterly meritless," and that her pattern of "contumacious conduct" would "not cease . . . absent some sort of sanction." *Id.* On March 21, 2013, Senior United States District

Judge A. Joe Fish ("Judge Fish") adopted Judge Toliver's recommendation and issued the following Pre-Filing Injunction:

> **Darlene Amrhein is prohibited from filing any new civil action in any United States district court** unless she first files a motion requesting leave of court to do so and attaches thereto copies of (1) her proposed complaint, (2) the magistrate judge's findings, conclusions and recommendation in this case, (3) this court's order accepting the findings, conclusions and recommendation of the United States Magistrate Judge, and (4) the judgment in this case.

*Amrhein*, 2013 WL 1174571, at *1. Many other Courts in this District, including the undersigned, have similarly noted Ms. Amrhein's pattern of vexatious (and utterly frivolous) litigation. *See, e.g.*, *Amrhein v. United States*, No. 16-cv-223, 2017 WL 9251674, at *4 (E.D. Tex. June 23, 2017) (citing a number of cases filed by Ms. Amrhein and concluding that, in each of those cases, Ms. Amrhein "filed flurries of largely incomprehensible motions, letters, and other requests for relief . . . , resulting in her being deemed by other courts as a vexatious litigant"), *R. & R. adopted*, 2017 WL 3886761 (E.D. Tex. Sept. 6, 2017), *aff'd*, 740 F. App'x 65 (5th Cir. 2018) (per curiam); *Balistreri-Amrhein v. Universal Ins. Co. of N. Am.*, No. 21-cv-224, 2022 WL 17731827, at *1 (E.D. Tex. Oct. 31, 2022) (noting that other courts have found Ms. Amrhein to have a "particularly egregious history of filing frivolous cases"), *R. & R. adopted*, 2023 WL 175159 (E.D. Tex. Jan. 12, 2023), *appeal dismissed*, No. 23-40097, 2024 WL 659366 (5th Cir. Jan 4, 2024).[1]

In Ms. Amrhein's previous litigation before the Court, the undersigned stayed the case pending a status conference. *Balistreri-Amrhein*, 2022 WL 17731827, at *1. At the status conference, the Court noted the terms of the Pre-Filing Injunction and warned Ms. Amrhein that the Court intended to maintain the stay until she complied with its terms. *Id.* at *2. After several months—and despite the Court's warning—Ms. Amrhein failed to comply with the terms of the

---

[1] Indeed, the Fifth Circuit has warned Ms. Amrhein against filing "future frivolous, repetitive, or otherwise abusive filings," and cautioned that doing so "will result in the imposition of sanctions." *Amrhein*, 740 F. App'x at 67.

Pre-Filing Injunction. *Id.* at *2–*3. On this basis, the Court recommended that Ms. Amrhein's claims be dismissed. *Id.* at *3. Thereafter, the District Judge adopted the Court's recommendation. *Balistreri-Amrhein*, 2023 WL 175159, at*1.

On September 26, 2023, Ms. Amrhein initiated the present action by filing a complaint (the "Complaint") (Dkt. 1) against four federal judges (the "Judges") arising under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* Dkt. 1 at 1. While the Complaint (Dkt 1) is incomprehensible and largely comprised of ad hominem attacks, the thrust of Ms. Amrhein's allegations is that the Judges issued a number of unfavorable decisions against her. *See generally* Dkt. 1. Ms. Amrhein did not file a motion requesting leave to file the Complaint (Dkt. 1), and she did not append Judge Toliver's report and recommendation, Judge Fish's memorandum adopting that recommendation, or the final judgment in that case.

Also on September 26, 2023, Ms. Amrhein filed the Motion to Proceed In Forma Pauperis (Dkt. 3), wherein Ms. Amrhein represents that she is unemployed and has little cash resources and significant expenses. *See* Dkt. 3 at 2–6. On October 17, 2023, Ms. Amrhein filed the Rico Act & False Claims Act Case(s) Statements (Dkt. 5), which—including the attachments—spans over 1,000 pages. *See* Dkts. 5; 5-1; 5-2; 5-3.[2]

---

[2] Ms. Amrhein also filed a request to change venue (the "Motion to Change Venue") (Dkt. 4), wherein she appears to object to this case being referred to the undersigned. *See* Dkt. 4 at 1 ("I am also in process of interviewing out of state Attorneys & Law Firms that will change venue due to the Facts of this Lawsuit, Bias, Prejudice, Conflict of Interest, Retaliation, Violations of U.S. & Texas Constitutional Right!"); *see also* Dkt. 1 at 4, 14, 18, 20–21 (objecting to prior rulings by the undersigned in other cases brought by Ms. Amrhein). To the extent Ms. Amrhein seeks disqualification on this basis, the Court declines to do so. After careful consideration of the applicable law, the Court concludes that its impartiality may not reasonably be called into question. *See* 28 U.S.C. § 455(a)–(b); *Amrhein*, 740 F. App'x at 66–67 ("[Ms.] Amrhein contends that the court has a conflict of interest because the court and several of its judges and clerk of court were named as defendants in this case based on this court's decision in *Amrhein v. La Madeleine, Inc.*, 589 F. App'x 258 (5th Cir. 2015). These assertions are frivolous. Adverse judicial rulings alone do not support a claim of bias unless they 'reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible.'" (citations omitted)).

## II.     LEGAL ANALYSIS

"Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). Such authority "flows from the court's inherent power to control its docket" and may be effectuated "with or without notice to the parties." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). This power clearly extends to a plaintiff's failure to comply with a pre-filing injunction. *See, e.g.*, *Williams v. Williams*, No. 20-cv-917, 2021 WL 1535416, at *3 (W.D. Tex. Apr. 17, 2021) (recommending dismissal with prejudice under Rule 41(b) because the plaintiff "failed to comply with a court order by filing [the] suit without permission"), *R. & R. adopted*, 2021 WL 11698527 (W.D. Tex. June 21, 2021); *Stanford v. Godbey*, No. 20-cv-115, 2020 WL 7700632, at *3 (N.D. Tex. Dec. 10, 2020) (recommending dismissal with prejudice under Rule 41(b) for failure to comply with pre-filing injunction), *R. & R. adopted*, 2020 WL 7698741 (N.D. Tex. Dec. 28, 2020); *Liu v. Flowers Davis, PLLC*, No. 17-cv-263, 2017 WL 10403342, at *2 (E.D. Tex. May 9, 2017) (recommending dismissal without prejudice under Rule 41(b) because the plaintiff "ignored" pre-filing injunction on "multiple" occasions), *R. & R. adopted*, ECF No. 28 (E.D. Tex. July 11, 2017); *Balistreri-Amrhein*, 2022 WL 17731827, at *3 (recommending dismissal for failure to comply with pre-filing injunction).

In the present case, Ms. Amrhein has—once again—failed to comply with the terms of the Pre-Filing Injunction. Ms. Amrhein did not file a motion seeking leave to file the Complaint (Dkt. 1). Likewise, Ms. Amrhein failed to attach any of the documents required by the Pre-Filing Injunction, including a copy Judge Toliver's report and recommendation, Judge Fish's memorandum adopting that report and recommendation, and the final judgment rendered in that

case. Furthermore, the Court has previously warned Ms. Amrhein regarding the existence and nature of the Pre-Filing Injunction, yet she continues to flagrantly disregard that warning by filing defective lawsuits. *See Balistreri-Amrhein*, 2022 WL 17731827, at *3. In the last year alone, Ms. Amrhein has filed several RICO cases in the Eastern District of Texas—none of which comply with the Pre-Filing Injunction. *See Balistreri-Amrhein v. Universal Ins. Co. of N. Am.*, No. 23-cv-776 (E.D. Tex.); *Balistreri-Amrhein v. Fish*, No. 23-cv-828 (E.D. Tex.); *Balistreri-Amrhein v. Hercules*, No. 23-cv-862 (E.D. Tex.); *Balistreri-Amrhein v. Universal Ins. Co. of N. Am.*, No. 23-cv-901 (E.D. Tex.). Thus, the Court concludes that dismissal without prejudice pursuant to Rule 41(b) is appropriate.[3]

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that Ms. Amrhein's claims be **DISMISSED WITHOUT PREJUDICE** and any pending motion be **DENIED AS MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report

---

[3] Dismissal with prejudice is only appropriate where there is "a clear record of delay or contumacious conduct by the plaintiff" and "lesser sanctions would not serve the best interests of justice." *Griggs*, 905 F.3d at 844 (quoting *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018)). "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Id.* (quoting *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006)) (internal quotation marks omitted). Dismissal with prejudice is likely appropriate here given Ms. Amrhein's flagrant and repeated disregard of the Pre-Filing Injunction. *See Williams*, 2021 WL 1535416, at *3; *Stanford*, 2020 WL 7700632, at *3. However, "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice." *Wright v. LBA Hosp.*, 754 F. App'x 298, 299 (5th Cir. 2019) (per curiam) (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008)) (internal quotation marks omitted). Thus, in an abundance of caution, the Court recommends dismissal without prejudice.

shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 22nd day of May, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE